# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET CROSSETT | |
| Plaintiff, | No. **19  764** |
| v. | |
| UNITED PARCEL SERVICE, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## Complaint

1.  A jury trial is demanded.

2.  Plaintiff is Margaret Crossett ("Mrs. Crossett"), a married individual residing at 106 Stair Lane, Shohola, Pike County, Pennsylvania who is a citizen of Pennsylvania.

3.  Defendant, United Parcel Service, Inc. ("UPS"), is a corporation incorporated in Ohio with its principal place of business at 55 Glendale Parkway NE, Sandy Springs, Georgia.

### Jurisdiction and Venue

4.  Plaintiff brings these claims before the United States District Court for the Eastern District of Pennsylvania invoking its jurisdiction based upon complete diversity of citizenship and as the amount in controversy is in excess of $75,000 under 28 U.S.C. Section 1332(a).

5.  UPS has offices in and regularly conducts business in the territory covered by the Eastern District of Pennsylvania.

6.  UPS is registered with the Pennsylvania Department of State as Entity Number 369521 to do business in Pennsylvania as a foreign company incorporated in Georgia.

7. UPS is a Pennsylvania resident for purposes under 28 U.S.C. § 1391(c)(2), which provides that an entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

8. Venue is proper in the United States District Court for the Eastern District Pennsylvania under 28 U.S.C. § 1391(b)(1) because UPS, the sole defendant in this action, resides in this district for venue purposes under 28 U.S.C. § 1391(c)(2).

9. Mrs. Crossett is presently residing and receiving medical treatment for the injuries sustained in the instant matter in the Commonwealth of Pennsylvania within the territory of the Eastern District of Pennsylvania.

**The Accident**

10. North Nassau Drive is a two-lane country road in Averill Park, Rensselaer County, New York.

11. Blue Heron Drive is a dead-end two-lane drive that terminates upon intersecting with North Nassau Drive.

12. A stop sign on Blue Heron Drive requires motorists traveling on Blue Heron Drive to stop before entering North Nassau Drive.

13. There is no stop sign or other traffic control signal on North Nassau Drive and thus cyclists traveling on North Nassau Drive have the right of way.

14. In the afternoon of June 7, 2017, Mrs. Crossett was operating her road bicycle as part of her training for a triathlon, traveling southeast on North Nassau Drive approaching Blue Heron Drive which was on her right side.

15.     She was an experienced cyclist and, at age 68, was a high-level athlete—having completed a full marathon the year before.

16.     On that day at approximately 4:30 p.m., as Mrs. Crossett was approaching Blue Heron Drive on her bicycle, she observed the UPS Truck traveling on Blue Heron Drive toward North Nassau Drive.

17.     New York's Vehicle & Traffic Law § 1172(a) requires that every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, or if none, at the point nearest the intersecting roadway where the driver has view of the approaching traffic on the intersecting roadway before entering the intersection and the right to proceed shall be subject to the provisions of Vehicle & Traffic Law § 1142(a).

18.     Vehicle & Traffic Law § 1142(a) provides in relevant part that every driver of a vehicle approaching a stop sign shall stop as required and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection.

19.     Despite the fact that Mrs. Crossett had the right of way, the UPS Truck failed to stop as required by Vehicle & Traffic Law § 1172(a) and further failed to yield as required by Vehicle & Traffic Law § 1142(a) as Mrs. Crossett was so closely approaching the intersection as to make it impossible for the UPS Truck to enter the intersection safely.

20.     The UPS Truck continued to travel without stopping or yielding and traveled as if it would imminently enter onto North Nassau Drive and strike Mrs. Crossett.

21.     Because the UPS Truck was traveling into Mrs. Crossett's lane, in order to avoid a catastrophic collision with the UPS truck, Mrs. Crossett took reasonably appropriate evasive action

3

by applying her brakes and this action caused her to be thrown violently to the ground (the "Crash").

22. There were no other vehicles present in the immediate visible area of the Crash at the time of the Crash.

23. The sole reason that Mrs. Crossett applied her brakes was in order to avoid being struck by the UPS Truck that was moving directly and imminently into the path of Mrs. Crossett.

24. The violence of the crash is shown by Mrs. Crossett's traumatic brain injury despite the fact that she was wearing a bicycle helmet at the time of the Crash.

25. At all relevant times, and based on information and belief, the UPS Truck was being driven by Ben Medina ("Mr. Medina").

26. Mr. Medina was driving the UPS Truck and acting as an agent of and for the benefit of UPS and was within the course and scope of his duties as an authorized agent of UPS.

27. UPS is liable for such actions done by Mr. Medina by virtue of respondent superior.

28. The Crash was caused by the carelessness and negligence of UPS which included:

   a. Operating the UPS Truck in violation of New York's Vehicle & Traffic Law § 1172(a) and § 1142(a);

   b. operating the UPS Truck at a dangerous and excessive rate of speed under the circumstances then and there existing;

   c. beginning to make an improper entrance to a highway;

   d. failing to observe due care and precaution and to maintain proper and adequate control of the UPS Truck;

   e. failing to keep a proper lookout for cyclists lawfully upon the roadway; and

      f. failing to exercise reasonable care in the operation of the UPS Truck under the circumstances then and there existing.

29. The acts of UPS through its agent was the direct and proximate cause of the Crash.

30. There was no third-party action that contributed to cause the Crash.

31. The Crash was the direct and proximate cause of the following serious physical and mental injuries suffered by Mrs. Crossett (collectively the "Injuries"):

    a. displaced fracture of the clavicle;

    b. six broken ribs;

    c. collapsed right lung;

    d. plural effusion;

    e. chest injuries;

    f. displaced fracture of the manubrium;

    g. concussion and traumatic brain injury with resulting major neurocognitive disorder and significant impairment of ability to read;

    h. memory loss;

    i. loss of concentration;

    j. right ankle injury;

    k. right foot injury;

    l. lumbar strain;

    m. left hip injury;

    n. multiple abrasions and contusions;

    o. left knee injuries; and

    p. left elbow and left hand injury with loss of feeling in fingers.

32. As a result of the Injuries, Mrs. Crossett has suffered and continues to suffer economic loss, significant pain, inconvenience, discomfort, and loss of life's pleasures.

33. Mrs. Crossett is continuing to receive medical treatment for her Injuries and thus the full extent of such Injuries is not presently known.

34. As a result of the Injuries, Mrs. Crossett, has undergone surgery, and her daily activities have been and continue to be significantly limited.

**WHEREFORE**, Plaintiff, Margaret Crossett, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, United Parcel Service, Inc., in an amount in excess of $75,000 plus interest, costs, delay damages and any such further relief as this Court deems fit and just.

**CORNERSTONE LAW FIRM, LLC**

Dated: 2/18/2019

By: _____
David W. Crossett, Esquire
Attorney I.D. #313031
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

6

MMB  19-cv-764

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Margaret Crossett

**DEFENDANTS**
United Parcel Service, Inc.

19 764

**(b)** County of Residence of First Listed Plaintiff: Pike
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David W. Crossett, Esquire, Cornerstone Law Firm, LLC
8500 Allentown Pike, Suite 3, Blandon, PA 19510
610-926-7875

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332 (a)

Brief description of cause:
Diversity - Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

FEB 21 2019

DATE: 2/18/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19    764

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 106 Stair Lane, Shohola, PA, 18337

Address of Defendant: 55 Glendale Parkway NE, Sandy Springs, GA 30328

Place of Accident, Incident or Transaction: Averill Park, Rensselaer County, New York

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/21/2019                 *[signature]*                 313031-PA
                            Attorney-at-Law / Pro Se Plaintiff        Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

A. **Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases *(Please specify)*

B. **Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury ☑
6. Other Personal Injury *(Please specify)*
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, David W. Crossett, Esquire, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE 02/18/2019          *[signature]*          313031
                    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

FEB 21 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MARGARET CROSSET | : | CIVIL ACTION |
| v. | : | |
| UNITED PARCEL SERVICE, INC. | : | NO. **19 764** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| February 18, 2019 | David W. Crossett, Esquire | Plaintiff - Margaret Crossett |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-926-7875 | 484-930-0054 | david@cornerstonelaw.us |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FEB 21 2019

FEB 21 2019